# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:23-cr-144-MMH-MCR

MARKEE WASHINGTON

---

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Sever Counts and Memorandum of Law (Doc. 23; Motion), filed November 30, 2023. The Government filed a response in opposition to the Motion on December 13, 2023. See United States' Memorandum of Law in Opposition to Defendant's Motion to Sever Counts (Doc. 33; Response). Accordingly, this matter is ripe for review.

## I.  Relevant Background

On October 19, 2023, a federal grand jury returned a two-count Indictment (Doc. 1) against Washington. In Count I, the Government charges Washington with violating 18 U.S.C. §§ 922(g)(1) and 924(e) alleging that "knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . [Washington] did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Glock pistol." Indictment at 1–2. In Count II, the Government

charges Washington with violating 18 U.S.C. §§ 922(o)(1) and 924(a)(2) alleging that he "did knowing[ly] possess a machinegun." Id. at 2.

## II.   Legal Standard

Pursuant to Rule 8(a), the Government may charge a defendant with multiple offenses in the same indictment "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Eleventh Circuit instructs that Rule 8 is to be broadly construed in favor of joinder. See United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000).

Rule 14, in turn, "recognizes that joinder, even when proper under Rule 8(a), may prejudice either a defendant or the Government." Zafiro v. United States, 506 U.S. 534, 538–39 (1993). Rule 14 provides, in relevant part, that "[i]f the joinder of offenses or defendants in an indictment appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). When presented with a motion pursuant to Rule 14, the Court must "balance the defendant's right to a fair trial against the public's interest in the efficient and economic administration of justice." United States

v. Berkman, 433 F. App'x 859, 862 (11th Cir. 2011).[1] "In conducting this analysis, the district court must grant a motion for severance only where denial would 'result[] in compelling prejudice against which the district court [can] offer[] no protection." United States v. Whitfield, No. 08-60229-CR, 2009 WL 3042394, at *3 (S.D. Fla. Sept. 18, 2009) (quoting United States v. Dowd, 451 F.3d 1244, 1249 (11th Cir. 2006)) (alterations in original).[2] In United States v. Walser, the Eleventh Circuit reaffirmed that "some prejudice" is not sufficient to mandate severance; instead, the defendant carries a heavy burden to go beyond mere conclusory allegations and show that he would receive an unfair trial and suffer compelling prejudice. 3 F.3d 380, 386 (11th Cir. 1993). The court further explained:

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. If so, "though the task be difficult," there is no compelling prejudice. Moreover, if

---

[1] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

> the possible prejudice may be cured by a cautionary instruction severance is not required.

Id. at 386–87 (internal citations omitted).

### III. Discussion

In the Motion, Defendant "moves the court for entry of an order granting him relief from prejudicial joinder and ordering separate trials on the two charges" brought in the Indictment. Motion at 1. The Court begins by noting that the Indictment, on its face, properly joins Counts I and II. Specifically, the Indictment charges the illegal possession of one firearm (a Glock pistol), by one individual (Washington), on one occasion (February 11, 2023). See Indictment at 1–2. Unfortunately for Defendant, in the Government's view that single possession of that single firearm violated two separate statutes and thus forms the basis of the criminal charges in both Counts I and II. Thus, the offenses charged in Counts I and II "are of the same or similar character" and "are based on the same act or transaction[.]" Rule 8(a). Accordingly, because joinder is facially proper, Defendant has the heavy burden to go beyond mere conclusory allegations and show that he would receive an unfair trial and suffer compelling prejudice absent severance. See Walser, 3 F.3d at 386 (quotation omitted).

Defendant raises two arguments as to why he has met this burden. First, he argues that because Count I "will require the government to prove a prior felony" the jury will "need to determine the timing and characteristics of prior

convictions." Motion at 2. And that this type of evidence would be inadmissible in proving Count II, which focuses on whether the firearm he possessed was a machinegun within the meaning of 18 U.S.C. §§ 922(o)(1) and 924(a)(2). Id. at 5. Second, he contends that because to obtain a conviction as to Count II the Government will have "to prove that the firearm is a machinegun" the jury will need to hear testimony about "the special features of the firearm[.]" Id. at 2–3. And, according to Defendant, this type of evidence would be inadmissible in proving Count I, where he is charged with having been a felon in possession of a firearm within the meaning of 18 U.S.C. §§ 922(g)(1) and 924(e). Id. at 5. Thus, Defendant's principal argument is that "it is only through joinder that the government could seek to admit" evidence that would otherwise be inadmissible as to one Count or the other. Id. This argument is unavailing for two reasons.

First, Defendant has failed to explain why any prejudice resulting from the jury hearing evidence admissible as to Count I, but perhaps inadmissible as to Count II (and vice versa) could not be cured by a limiting instruction. See Fed. R. Evid. 105 (providing a limiting instruction where evidence is admissible for one purpose, but not another, and instructing the jury to restrict the evidence to its proper scope); see also Walser, 3 F.3d at 387 ("[I]f the possible prejudice may be cured by a cautionary instruction severance is not required."). Indeed, it is axiomatic that the jury is presumed to be "able to follow the court's instructions and evaluate the evidence" as to each charge independently.

Walser, 3 F.3d at 387 (quotation omitted). And Defendant has failed to advance any arguments to the contrary. Second, Defendant has failed to show how any alleged prejudice outweighs the "public's interest in the efficient and economic administration of justice." Berkman, 433 F. App'x at 862. Indeed, severance would be significantly inefficient as it would require two separate trials and two separate juries, but would each involve roughly the same witnesses and testimony.

## IV. Conclusion

For these reasons, Defendant has failed to show that he would receive an unfair trial and suffer compelling prejudice in the absence of severance, and that the need for severance outweighs the public's interest in the efficient and economic administration of justice.

Accordingly, it is

**ORDERED:**

Defendant's Motion to Sever Counts and Memorandum of Law (Doc. 23) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of April, 2024.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

Lc32

Copies to:
Counsel of Record