**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:23-cr-144-MMH-MCR

MARKEE WASHINGTON

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Suppress Physical Evidence and Statements and Memorandum of Law (Doc. 25; Motion), filed November 30, 2023. Charged in a two-count Indictment (Doc. 1), Washington moves "to suppress the firearm seized from a [traffic] stop on February 11, 2023, and any statements or other exculpatory evidence obtained from that illegal search and seizure." Motion at 1. The undersigned referred the Motion to the Honorable Monte C. Richardson, United States Magistrate Judge, for preparation of a report and recommendation, and the Magistrate Judge held an evidentiary hearing on December 19, 2023. See Transcript of Motion Hearing (Doc. 39; Transcript), filed January 7, 2024. On February 20, 2024, the Magistrate Judge filed a Report and Recommendation (Doc. 40; Report) recommending that the Motion be denied. Washington timely filed objections to the Report on March 5, 2024. See Defendant's Objections to the Magistrate

Judge's Report and Recommendation (Doc. 41; Washington's Objections). The Government then filed a response. See United States' Response to Defendant's Objections to Magistrate Judge's Report and Recommendation Regarding Motion to Suppress Physical Evidence and Statements (Doc. 45; Response), filed March 19, 2024. Accordingly, this matter is ripe for review.

Because the Court finds that the objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual and procedural history or the arguments and authority addressed in the Report. Instead, the Court writes briefly only to address Washington's specific objections.

## I. Standard of Review

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the [magistrate judge's] report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982)

(quoting Nettles v. Wainwright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made, the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Mathews v. Weber, 423 U.S. 261, 270–71 (1976)).

In deciding whether to reject or accept the magistrate judge's recommendations, a district judge retains the power "to hear additional testimony or the same testimony all over again if [she decides] that [it] would

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. See also W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 566 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit . . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n.1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in Alabama-Coushatta Tribe of Tex. v. United States, 757 F.3d 484 (5th Cir. 2014). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

be beneficial in determining the motion." United States v. Marshall, 609 F.2d 152, 154 (5th Cir. 1980) (alteration added); United States v. Raddatz, 447 U.S. 667, 680 (1980) ("[A district judge's] broad discretion includes hearing the witnesses live to resolve conflicting credibility claims."); see also Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1251 (11th Cir. 2007) ("[T]he district court may, if it so chooses, conduct its own hearing as a prelude to making a new determination."). However, if a district court elects to reject a magistrate judge's credibility determinations on critical fact issues, the court must first rehear the disputed testimony. See Louis v. Blackburn, 630 F.2d 1105, 1110 (5th Cir. 1980);[2] United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) (per curiam); see also Amlong & Amlong, P.A., 500 F.3d at 1250 ("[A] district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings."). Indeed, only in the "rare case" where "'there . . . [is] found in the transcript an articulable basis for rejecting the [magistrate judge's] original resolution of credibility and that

---

[2] In Ballard v. Comm'r of Internal Revenue, 429 F.3d 1026 (11th Cir. 2005) (per curiam), the Eleventh Circuit stated that "[a] district court must defer to a [magistrate judge's] findings unless the [magistrate judge's] understanding of facts is entirely unreasonable." Ballard, 429 F.3d at 1031. To the extent Ballard conflicts with Blackburn and Marshall, the Court notes that "where two prior panel decisions conflict" the Court is "bound to follow the oldest one." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Regardless, the Court need not resolve this conflict because the undersigned will accept the Magistrate Judge's credibility determinations. As set forth below, the Court can discern no basis in the record to doubt the Magistrate Judge's findings, much less to suggest that the findings are "entirely unreasonable."

basis . . . [is] articulated by the district judge'" may the district court reject the credibility findings without rehearing the witness testimony. Cofield, 272 F.3d at 1306 (quoting Marshall, 609 F.2d at 155); Amlong & Amlong, P.A., 500 F.3d at 1250. In contrast, "a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings." Cofield, 272 F.3d at 1305 (emphasis added) (citing Raddatz, 447 U.S. at 675–76).

## II. Analysis of Objections

Washington raises numerous objections to the Magistrate Judge's recommended findings and legal conclusions. See generally Washington's Objections. For the reasons discussed below, the Court finds that each of Washington's objections is due to be overruled.

First, Washington "objects to the court's conclusion that [the officer's] fleeting view of a moving vehicle gave probable cause for the stop." Id. at 2. But, he points to no error in the Magistrate Judge's recitation of the factual record, nor does he identify any error in his application of the law. Washington may disagree with the Magistrate Judge's conclusions. However, his disagreement is unavailing because the Magistrate Judge's factual findings are fully supported by the record. Indeed, there is absolutely no contrary evidence. And, unsurprisingly, given the law in this Circuit, he points to no legal authority in support of the suggestion that law enforcement's observation of a potential

window tint violation would fail to establish probable cause for a stop of the vehicle. Thus, Washington's first objection is due to be overruled.

Second, Washington objects to the Magistrate Judge's finding that there was probable cause to search his vehicle, arguing that there was "no reason to search the automobile for evidence of a window tint violation when the search happened in a parked car on the curtilage of private property." Id. For starters, the Officers did not search the car for a tint violation, but rather conducted the search because they smelled the odor of burnt marijuana and Washington admitted that he "had smoked earlier." See Transcript at 26. As to Washington's contention that the car was illegally searched on the curtilage of private property, the Court declines to consider this argument because it was not raised before the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Nevertheless, even if this argument were properly raised, Washington would have the burden to establish that he has standing to challenge the search of the car while it was on the curtilage of someone else's property. See United States v. Campbell, 434 F. App'x 805, 809 (11th Cir. 2011) (citation omitted) ("In challenging a search under the Fourth Amendment, the defendant bears the burden of establishing 'both a subjective and an objective expectation of

privacy' in the area or object searched.").[3] Washington has failed to meet this burden. Thus, his second objection is due to be overruled.

Third, Washington objects to the Magistrate Judge's finding that the Officers did not "unlawfully extend the traffic stop by asking Mr. Washington where he had been, where he was going, and who owned the house at 23rd Street." Washington's Objections at 4 (alteration omitted). The Magistrate Judge fully addressed this argument, and although Washington disagrees with the Magistrate Judge's conclusion, he identifies no factual or legal error. Thus, Washington's third objection is due to be overruled.

Fourth, Washington objects to the Magistrate Judge's finding that he was not unlawfully "detained and questioned without being given Miranda warnings." Id. Again, although Washington disagrees with the Magistrate Judge's finding, he fails to identify any factual or legal error. Additionally, although Washington argues for the first time that his vehicle "was blocked in the driveway by at least two marked law enforcement vehicles," he fails to cite any legal authority to show that this would have changed the Magistrate Judge's ultimate conclusion. Thus, Washington's fourth objection is due to be overruled.

---

[3] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Fifth, Washington contends that it was erroneous for the Magistrate Judge to credit the "officers [reliance] on [his] statements that he had smoked earlier without confirming some connection in time to the traffic stop or that he had smoked in the vehicle." Id. at 5. This argument ignores the fact that the smell of burnt marijuana alone gave the Officers probable cause to search Washington's vehicle, and that Washington's statements merely provided an additional justification for the search. See United States v. Hardin, No. 3:20-cr-93(S1)-MMH-JBT, 2022 WL 19267, at *4 (M.D. Fla. Jan. 3, 2022) ("[T]he Eleventh Circuit continues to affirm that the smell of burnt marijuana can provide probable cause to search a vehicle."). Thus, Washington's fifth objection is due to be overruled.

Finally, Washington objects to the Magistrate Judge's credibility determination as to Trooper Tber, and contends that because of Trooper Tber's prior disciplinary history, the Magistrate Judge should not have credited his testimony. See Washington's Objections at 6. This argument is unavailing. Notably, the Magistrate Judge found that although "Defendant's Counsel attempted to attack Trooper Tber's credibility on cross examination, the undersigned credits Trooper Tber's account of the stop, as footage from his vehicle's camera and Officer Weippert's body-worn camera corroborates his testimony." Report at 8. Because the Magistrate Judge's credibility determination is fully supported by the record, the Court accepts the Magistrate

Judge's finding, and need not hear additional testimony. See Cofield, 272 F.3d at 1305 ("[A] district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings."). Thus, Washington's sixth objection is due to be overruled.

### III. Conclusion

Upon review of the record, the Court will overrule Washington's Objections, and will accept and adopt the Report as the opinion of the Court.

Accordingly, it is

**ORDERED:**

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. 41) are **OVERRULED.**

2. The Report and Recommendation (Doc. 40) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress Physical Evidence and Statements and Memorandum of Law (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of May, 2024.

*[signature]*

**MARCIA MORALES HOWARD**
United States District Judge

Lc32
Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record